An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRIS SCHUMACHER,
Appellant,
vs.
MARGARET MARIE SCHUMACHER
N/K/A MARGARET MARIE OLIVER,
Respondent.

No. 61035

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

Having reviewed the parties' arguments and the record on appeal, we affirm the divorce decree. On appeal, appellant primarily contends that he was denied due process because he was not provided with an opportunity to continue conducting discovery past the discovery cutoff date. As an initial matter, appellant's contention that further discovery was required fails, as he has not specified what information he would have obtained through the additional discovery. Indeed, the record demonstrates that the district court determined that it was appropriate to proceeded to trial because no outstanding issues remained that required discovery. *See Diversified Capital Corp. v. City of N. Las Vegas*, 95 Nev. 15, 23, 590 P.2d 146, 151 (1979) (providing that the district court is "afforded reasonable discretion in controlling the conduct of discovery and its decisions are reversed only where a clear abuse appears"). And despite his assertions to the contrary, appellant was afforded due process during the divorce proceedings because he had notice of the proceedings and an

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27974

opportunity to be heard, but largely chose not to participate in the divorce trial based on his belief that the discovery process was not complete. *See Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) (noting that procedural due process is satisfied when a party has notice and an opportunity to be heard).

Further, to the extent that appellant contends that the district court judge was biased in refusing to allow him additional discovery, and thus, should have recused himself from the case because appellant never properly sought the disqualification of the district court judge by filing an affidavit specifying the basis for the disqualification, he has waived this issue, and thus, we will not consider it in resolving this appeal. *See* NRS 1.235(1) (requiring a party seeking disqualification of a district court judge to file an affidavit detailing the facts demonstrating that disqualification is necessary); *Brown v. Fed. Sav. and Loan Ins. Corp.*, 105 Nev. 409, 412, 777 P.2d 361, 363 (1989) (explaining that a party waives the issue of disqualification on appeal if that party does not properly request disqualification). Under these circumstances, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc:   Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
      Chris Schumacher
      Margaret Marie Schumacher
      Eighth District Court Clerk